755 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
S & H COMPUTER SYSTEMS, INC., DEFENDANT-APPELLEE,
v.
SAS INSTITUTE, INC., PLAINTIFF-APPELLANT.
 NO. 83-5435
 United States Court of Appeals, Sixth Circuit.
 1/31/85
 
 Before: LIVELY, Chief Judge; ENGEL, Circuit Judge; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff SAS Institute Inc. (Institute) appeals from the denial of a motion for preliminary injunction by United States District Judge Thomas A. Wiseman of the Middle District of Tennessee.
 
 
 2
 On August 2, 1982, plaintiff Institute filed a complaint against defendant S & H Computer Systems, Inc. (S & H) alleging that S & H copied plaintiff Institute's statistical computer program known as SAS. SAS is a statistical computer program which only works on IBM computers. The Institute alleges that S & H desired to have a SAS type program for Digital Equipment Corporation computers. The Insitute claims that S & H leased the SAS computer program and developed a Digital compatible program called INDAS from it in violation of the Copyright Act of 1976, Title 17, United States Code. The complaint also charges breach of contract, violation of trade secrets, unfair competition, fraud and unjust enrichment.
 
 
 3
 The Institute sought a preliminary injunction prohibiting defendant S & H from distributing the computer software program known as INDAS. On June 10, 1983, District Judge Wiseman denied the motion for a preliminary injunction on grounds that the court did not have available days prior to the trial in order to hear proofs in support of the motion.
 
 
 4
 The order denying the preliminary injunction was endorsed in handwriting upon the motion of S & H for an expedited hearing on the preliminary injunction. The order was entered upon the docket in the following language:
 
 
 5
 ORDER: Motion of SAS for status conference marked 'THE MOTION FOR STATUS CONFERENCE AND THE MOTION FOR PRELIMINARY INJUNCTION ARE DENIED. THE MOTION FOR SUMMARY JUDGMENT WILL BE RULED ON VERY SHORTLY. DETERMINATION OF THE ISSUES ON PRELIMINARY INJUNCTION WILL REQUIRE TRIAL TIME ALMOST EQUAL TO THE TRIAL ITSELF, AND THE COURT DOES NOT HAVE AVAILABLE DAYS PRIOR TO THE TRIAL ITSELF, WHICH HAS BEEN EXPEDITED IN THE SETTING OF SEPTEMBER 12, and THE TWO WEEKS FOLLOWING THAT DATE.'
 
 
 6
 Plaintiff Institute appeals from this order of June 10, 1983 contending that the district court abused its discretion by declining to grant the preliminary injunction.
 
 
 7
 It is apparent from the body of the order that the trial judge hoped when he entered the order that a disposition on the merits could be promptly effected. For this reason, he concluded not to grant preliminary relief in this complicated litigation, but to set trial for September 12, 1983. The case went to trial before the court which sat without a jury on September 12, 1983, and was concluded on September 20, 1983.
 
 
 8
 The appeal from the denial of preliminary injunction, meanwhile, proceeded in this court with the filing of briefs and a Joint Appendix. The parties properly included among the record on appeal documentary and other evidence which was presented to the trial judge in connection with the application for preliminary injunction. The parties, however, also included a transcript of much of the testimony which had been presented at the trial on the merits. The parties were in error to have thus supplemented the record without at least first obtaining proper leave of this court, or seeking further preliminary injunctive relief on the basis of the additional record.
 
 
 9
 On the date of the hearing in this court, the parties represented that the case remained under advisement, due no doubt to the complexity of the issues and the heavy caseload which otherwise dominated the time of the trial judge, and that no decision on the merits of the case was forthcoming. Thus, we are faced with making a decision which may at any time be mooted by the rendition of a judgment on the merits. Meanwhile, we are without the benefit of the findings of the trial court which can normally be expected in appeals of this nature.
 
 
 10
 While stated in many ways, the standards for the grant or denial of preliminary injunction have often been described by our court in the following language:
 
 
 11
 1) Whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;
 
 
 12
 2) Whether the plaintiffs have shown irreparable injury;
 
 
 13
 3) Whether the issuance of a preliminary injunction would cause substantial harm to others;
 
 
 14
 4) Whether the public interest would be served by issuing a preliminary injunction.
 
 
 15
 Mason County Medical Ass'n v. Knebel, 563 F.2d 256, 261 (6th Cir. 1977). The trial judge's evaluation in the light of these standards is particularly helpful in determining whether the denial of preliminary injunctive relief was a proper exercise of discretion. Accordingly, while retaining jurisdiction over this particular appeal, an order will enter remanding the cause to the district court for a determination by that court expressed in terms of the four standards of Mason County Medical Ass'n v. Knebel, supra, and such determination shall be certified to this court in connection with its further consideration of this appeal.
 
 
 16
 In making its determination, the district court may supplement its record with so much of the record of the trial as has been made available to this court and with such other and further evidence as may be properly before it as a result of its trial. In the event the trial court shall have rendered a decision upon the merits of the underlying litigation, it shall promptly notify this court so that this appeal may thereafter be dismissed as moot. We reserve the right in this court to solicit further briefing of the parties following any certification of findings by the district court if in our judgment such would be helpful. Nothing in this opinion is intended to affect the right of any party to perfect a subsequent appeal from any final judgment which may be entered by the district court on the merits of the litigation.
 
 
 17
 The determination of any costs shall await the final conclusion of this appeal.